UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ARNITTA L. REDFIN,

    Plaintiff,

v.

DIVERSIFIED ADJUSTMENT
SERVICE, INC.,

    Defendant.
    _____/

Case No. 6:21-cv-02054

# COMPLAINT

NOW comes ARNITTA L. REDFIN ("Plaintiff"), by and through her undersigned attorneys, complaining as to the conduct of DIVERSIFIED ADJUSTMENT SERVICE, INC. ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statue §559.55, for Defendant's unlawful conduct.

1

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Middle District of Florida, and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided in Orange County, Florida, which is within the Middle District of Florida.

6. Defendant is a debt collector boasting ". . . over three decades of successful collections experience."[1] Defendant collects debts from consumers throughout the country, including the state of Florida. Defendant is incorporated under the laws of the state of Minnesota with its principal place of business located at 600 Coon Rapids Blvd NW, Coon Rapids, MN 55433.

---

[1] https://diversifiedadjustment.com/

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSE OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon Verizon Wireless bill in the amount of $2,141.38 ("subject debt").

9. Plaintiff purportedly incurred the subject debt for personal and/or family household purposes.

10. Upon information and belief, after the subject debt was purportedly in default it was placed with Defendant for collection purposes.

11. Several months ago, Defendant began its collection campaign by telephonically contacting Plaintiff on her cellular phone number, (321) XXX-2433.

12. Defendant has several phone numbers when placing calls to Plaintiff, including but not limited to, (844) 541-0500.

13. The aforementioned phone number is regularly utilized by Defendant during its debt collection activities.

14. After speaking with Defendant, Plaintiff was informed that Defendant is a debt collector attempting to collect upon the subject debt.

15. Plaintiff explained to Defendant that she is unable to make a payment on the subject debt and requested that Defendant cease placing calls to her cellular phone.

16. Defendant willfully ignored Plaintiff's demand and continued placing phone calls to Plaintiff's cellular phone number.

17. Frustrated and concerned over Defendant's conduct, Plaintiff spoke with her undersigned attorney regarding her rights, resulting in exhausting time and resources.

18. Plaintiff has suffered from concrete harm as a result of Defendant's actions, including, but not limited to, invasion of privacy, embarrassment, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from distraction caused by never-ending calls, interfering with Plaintiff's ability to work, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff restates and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by FDCPA §1692a (3).

21. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses

the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

22. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a (6).

23. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a (5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

24. Defendant used the phone to attempt to collect on a debt and, as such, engaged in "communications" as defined in FDCPA §1692a (2).

25. Defendant's communications to Plaintiff were made in connection with the collection of a consumer debt.

26. Defendant violated 15 U.S.C. §§1692c (a)(1), d, d(5), and f through its unlawful debt collection practices on a debt.

    a. **Violations of FDCPA §1692c**

27. Defendant violated §1692c (a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's phone over and over after she demanded that Defendant cease calling her was harassing and abusive. Even after being told to stop calling her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into making a payment.

28. Furthermore, the immense volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her into making a payment.

29. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her.

    b. **Violations of FDCPA §1692d**

30. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's phone seeking immediate payment on the subject debt.

31. Defendant violated §1692d (5) by causing Plaintiff's phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of a debt with the intent to annoy, abuse, or harass Plaintiff. Furthermore, Defendant continued to place these calls after Plaintiff informed Defendant its calls were no longer welcome. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone for several months.

    c. **Violations of FDCPA § 1692e**

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

34. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her, Defendant continued to contact her via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

   d. **Violations of FDCPA §1692f**

35. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after Plaintiff requested that the calls stop. By placing numerous phone calls after becoming privy to the fact that its collection calls were not welcome is unfair and unconscionable behavior. These means employed by Defendant only served to worry and harass Plaintiff.

7

36. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the phones of consumers.

37. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

38. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, ARNITTA L. REDFIN, respectfully requests that this Honorable Court enter judgment in her favor:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

39.     At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

39.     At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

40.     At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla. Stat. § 559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla.Stat. § 559.51(1).

41.     At all times material hereto, the debt in question was a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

42.     Defendant violated sections 559.72(7) of the FCCPA through its unlawful conduct.

### i.  Violations of FCCPA §559.72(7)

43.     A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor with such frequency as can reasonably be expected to harass the debtor, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor.

44. Defendant violated section 559.72(7) of the FCCPA when it placed repeated harassing telephone calls to Plaintiff after Plaintiff demanded that Defendant stop calling her. Defendant ignored Plaintiff's request and continued to place numerous harassing phone calls to Plaintiff's cellular phone.

45. Defendant's actions show that it was their specific goal to harass and annoy Plaintiff enough to the induce her to make a payment even after being put on notice that Plaintiff would no longer like to receive phone calls from Defendant.

46. This repeated behavior of systematically calling Plaintiff's phone, despite her demands, to collect a debt was harassing and abusive. Such contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The nature and volume of phone calls, especially after Plaintiff demanded that the calls stop, would naturally cause an individual to feel oppressed.

47. Plaintiff told Defendant that its calls to her cellular phone were not welcomed and were therefore inconvenient. As such, Defendant contacted Plaintiff at times and places which were inconvenient to Plaintiff to harass and abuse her.

**WHEREFORE**, Plaintiff, ARNITTA L. REDFIN, requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

    c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

    d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

    e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

    f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

    g. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: December 8, 2021                     Respectfully Submitted,

/s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
afigueroa@sulaimanlaw.com